ALLIS-CHALMERS MANUFACTURING COMPANY,
Appellant, v. NEIN, et al Respondents.

(266 N. W. 156.)

(File No. 7803. Opinion filed March 30, 1936.)

See, also, 63 S. D. 635, 262 N. W. 235.

*David F. Heffron*, of Martin, and *Parliman & Parliman*, of Sioux Falls, for Appellant.

*W. J. Hooper*, of Gregory, for Respondent.

CAMPBELL, J. Plaintiff-appellant sold a tractor to defendant-respondent Nein upon conditional sale contract. At the same time, and as further security for the debt represented by the conditional sale contract, defendant-respondent Nein gave to plaintiff-appellant two chattel mortgages upon certain personal property.

Nein being in default upon his payments under the conditional sale contract, plaintiff-appellant instituted the present action to recover upon the debt represented by the conditional sale contract and to foreclose the chattel mortgages held as further security thereto, making respondent Barten a party defendant because he claimed to have a right in the mortgaged personalty prior and superior to the mortgages of plaintiff-appellant. The action was instituted by the service of summons and complaint on April 27, 1934, and the original complaint alleged that an action in claim and delivery had likewise been instituted by plaintiff-appellant against defendant-respondent Nein to recover possession of the conditionally vended tractor. To this original complaint defendant-respondent Nein demurred, and his demurrer was sustained, whereupon plaintiff-appellant on June 15, 1934, filed an amended complaint which amended complaint alleges, with reference to the conditionally vended tractor, in substance, that plaintiff-appellant instituted an action in claim and delivery to secure possession thereof on April 27, 1934, and that possession thereof was delivered to plaintiff-appellant by the sheriff on May 1, 1934, and that thereafter, and on May 22, 1934 (although the action in claim and delivery was still pending), plaintiff-appellant made a resale of said tractor pursuant to the terms of the Conditional Sales Law of this state and the conditional sale contract between the parties, realizing thereby the sum of $446.84 to apply upon the conditional sale contract. To this amended complaint defendant-respondent Nein again demurred upon the ground that said complaint did not state facts sufficient to constitute a cause of action against him, and from an order sustaining said demurrer this appeal has been taken.

Respondent's demurrer to the amended complaint is equivalent to a plea in abatement that the action is prematurely brought. Respondent points to that portion of the Uniform Conditional Sales Act (section 24, c. 137, Laws 1919) which provides that, "After the retaking of possession as provided in Section 16

the buyer shall be liable for the price only after a resale," and urges the prematurity of the action, bottoming his argument upon the contention that it appears from the face of the complaint that at the time of the institution of the present action there had been a "retaking of possession" of the conditionally vended property and had not yet been a resale thereof. Whether a conditional vendor may institute an action upon the debt for the recovery of the purchase price during the period between retaking possession of the conditionally vended property and resale thereof is a question that is not reached by this appeal. Whether or not appellant had a cause of action against respondent depends upon the facts as they existed at the time the action was instituted, and allegations of the amended complaint relating to facts which occurred subsequently to the institution of the action cannot be taken into consideration either in support of the complaint or in support of the demurrer. Allegations of the amended complaint with reference to occurrences after April 27, 1934, when this action was instituted, must be entirely disregarded. The only allegation of the amended complaint, therefore, which can be considered with reference to the possession of the conditionally vended property at the time this action was instituted is the allegation that on April 27, 1934, appellant commenced a claim and delivery action against respondent for the possession of the conditionally vended personalty which on that day was seized by the sheriff. Certainly at that stage of the proceedings appellant had not retaken possession of the conditionally vended property and did not have possession thereof. The property was in possession of the court by its proper officer. Appellant could not, in any event, have possession before the expiration of three days, and during that period respondent might rebond and have the property returned to him. It seems very clear that an allegation to the effect that on the day of suing upon the debt appellant had likewise instituted an action in claim and delivery by virtue of which the sheriff had taken the property is by no means equivalent to an allegation that at the time of commencing suit upon the debt appellant had retaken possession of the property. Conceding, therefore, without deciding, that suit upon the debt is premature during the period between retaking possession of the property and resale thereof, the present complaint does not dis-

close such state of facts, and the demurrer should have been overruled. It is clearly the contemplation of the Conditional Sales Law that the conditional vendor may bring an action for the recovery of the price and later retake possession (section 24, c. 137, Laws 1919), and we see no reason why actions for recovery of the purchase price and in claim and delivery for the possession of the property could not be simultaneously commenced. If it is true in the instant case, as it appears to be from the statements of the amended complaint, that since the institution of the present action appellant has secured possession of the conditionally vended property and has resold the same, respondent, by proper pleading, can secure credit upon any judgment which may be rendered against him for the proceeds of the resale (and indeed appellant by its complaint indicates its entire willingness to extend that credit), and that is all respondent is entitled to.

Upon these considerations, we are of the opinion that the order sustaining the demurrer should be reversed.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.

POLLEY, P. J., concurs in result.